UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-51-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JUSTIN MCKEITHAN, | ) | |
| Defendant. | ) | |

This matter is before the court on McKeithan's Objection to New Evidentiary Hearing [DE-70]. In this filing, McKeithan objects to portions of the court's April 22, 2013 Order [DE-67], which held that the Government may not rely solely on a conviction pursuant to a "no contest" plea to establish that McKeithan violated the terms of his supervised release. In the Order, the court noted that the Government was not aware at the time of the initial revocation hearing that it could not rely on the state records of conviction to support the motion for revocation of supervised release. For this reason, the court concluded that "in fairness to the Government, the court will allow both parties to present evidence and argument regarding whether McKeithan committed criminal conduct while on supervised release at the [new] hearing." Order [DE-67] at 18.

McKeithan argues that allowing the Government to present evidence regarding the violation at the new hearing is unfair because the Government has been on notice for some time that McKeithan disputed the factual predicate for the motion for revocation. McKeithan states,

> [T]he government . . . had known for nearly a year . . . and had been reminded nearly three months before that Mr. McKeithan disputed the allegations against him . . . . The hearing proceeded as scheduled on March 14, 2013, and the government chose to come to court without evidence other than the state court

conviction .... To permit the government to re-litigate its case now, after having made its decision to rely on what the court has determined is insufficient evidence, is fundamentally unfair.

Def.'s Objection to New Evidentiary Hearing [DE-70] ¶¶ 5-6, 9.

The Court does not understand—and, importantly, McKeithan does not explain—how allowing the Government to present evidence regarding whether McKeithan violated the terms of his supervised release is unfair. That the Government has been on notice for over a year that McKeithan intended to challenge the factual predicate for the violation does not change the fact that the Government was under the reasonable understanding that it could rely on the state record of conviction to demonstrate McKeithan violated the terms of his supervised release. The Government had a legitimate argument that the state court records of conviction alone could show that McKeithan violated the terms of his supervised release. *See* Order [DE-67] at 15 ("[T]he court agrees this is a close case ...."). While it may have been more efficient for the Government to bring its additional evidence to the initial revocation hearing just in case the court denied its request to rely on the state court records, there is nothing "fundamentally unfair"[1] about giving the Government an opportunity to obtain additional evidence after the Government lost its legal argument.

The Government and the public have an important interest in prosecuting defendants who violate the terms of their supervised release. The "fundamentally fair" approach in this case is to

---

[1] To the extent McKeithan argues that he is unfairly prejudiced because the Government has now seen the evidence McKeithan will present at the new hearing and can prepare to rebut that evidence, the court notes that McKeithan was aware that the court would request additional briefing on the legal effect of the no contest plea prior to his decision to put on his evidence. The case immediately preceding McKeithan's case presented almost the exact same argument and the court continued that hearing until the parties had an opportunity to brief the issue. Nevertheless, McKeithan specifically requested to move forward with his evidence despite the fact he knew the court would request additional briefing on his legal argument.

2

give the Government an opportunity to prove, by a preponderance of the evidence, that McKeithan violated the terms of his supervised release.

For the foregoing reasons, McKeithan's Objection to New Evidentiary Hearing is DENIED. The court's April 22, 2013 Order [DE-67] is RATIFIED and both the Government and McKeithan should come to the May 16, 2013 hearing prepared to put on evidence and argument regarding whether McKeithan violated the terms of his supervised release.

SO ORDERED.

This the 3rd day of May, 2013

*James C. Fox*
JAMES C. FOX
Senior United States District Judge